United States District Court
Southern District of Texas
**ENTERED**
March 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAN GU, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | MISCELLANEOUS ACTION |
| § | NO. 4:23-mc-301 |
| JUDGE DAVID HITTNER, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fan Gu, representing himself, has filed a complaint against United States District Court Judge David Hittner, United States Magistrate Judge Peter Bray, and the law firm Norton Rose Fulbright LLP. Gu alleges that the defendants have violated his constitutional rights in connection with two previous lawsuits Gu filed against his former employer. Gu has also filed a motion for leave to proceed without prepayment of the filing fee. Because Gu seeks to bring this civil action without prepaying the filing fee, the court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For the reasons explained below, this case will be dismissed.

**I.   Background**

In January 2015, the lawsuit Gu filed against his former employer based on alleged age discrimination was removed to federal court and assigned to Judge Hittner. *See Gu v. Invista S.A.R.I.*, Case No. 4:15-cv-240 (S.D. Tex., Houston Div.). Norton Rose Fulbright represented Gu's former employer in the case. The case was dismissed in May 2016 after Judge Hittner granted

the defendant's motion for summary judgment. (*Id.* at Docket Entry No. 68). Gu appealed, and the Fifth Circuit affirmed the dismissal in March 2017. (*Id.* at Docket Entry No. 86). Gu filed a petition for a writ of certiorari with the Supreme Court, which was denied in November 2017. (*Id.* at Docket Entry No. 88).

In January 2019, Gu filed another lawsuit against the same former employer, this time in federal court. *See Gu v. Invista S.A.R.I.*, Case No. 4:19-cv-562 (S.D. Tex., Houston Div.). This case was assigned to Judge Hittner, who then referred the case to Judge Bray. Gu's former employer was again represented by Norton Rose Fulbright. In August 2019, Judge Bray issued an Amended Memorandum and Recommendation, recommending that the defendant's motion to dismiss be granted and that the case be dismissed with prejudice. (*Id.* at Docket Entry No. 48). The district court adopted the Amended Memorandum and Recommendation and issued final judgment on August 30, 2019. (*Id.* at Docket Entry Nos. 54, 55). Gu filed an appeal, which was dismissed as frivolous in February 2021. (*Id.* at Docket Entry No. 83).

Gu then filed the instant lawsuit. He brings this action under 42 U.S.C. §§ 1981 and 1983, asserting that the defendants violated his constitutional rights in his two previous lawsuits. Gu alleges that in those cases, Judge Hittner and Judge Bray "allowed frauds, faults or crimes of perjury, forgery, contempt court order and discrimination of Plaintiff Pro se at civil court proceeding happened without subject to adequate judicial review, correction, sanction and punishment." (Docket No. 1-1 at 4). He claims that he was denied due process of law because all of his arguments and motions were denied. (*Id.* at 6, 12). He further alleges that "[i]n the previous two cases, Defendants ha[ve] been trying many ways to delay the case proceedings, contempt court order to summit production documents, refuse answer deposition questions, forge documents,

2

provide false statements during depositions and declarations, committed fraud and perjury, [and] constructed faulty court orders[.]" (*Id.* at 4).

Gu seeks $2.5 million in damages. (*Id.* at 1).

## II. Standard of Review

Because Gu seeks to bring this civil action without prepayment of the filing fee, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2) and the court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the court is mindful that Gu represents himself. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

3

551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

**III.     Discussion**

Gu's claim for damages against Judge Hittner and Judge Bray is based on orders they have issued that rejected his arguments and for other actions they have taken while presiding over his two previous civil actions against his former employer. In taking these actions, Judge Hittner and Judge Bray were performing judicial functions. Judges are entitled to absolute immunity from claims for damages arising from acts performed in their judicial capacity, "even when such acts are . . . alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). Gu cannot recover money damages from the judges who presided over his previous civil actions for the rulings made in these earlier federal lawsuits. *See, e.g.*, *Butcher v. Guthrie*, 332 F. App'x 161, 161 (5th Cir. 2009) (per curiam) (holding that the district court properly concluded that the defendant judges were immune from the damages sought by the plaintiff for allegedly mishandling his earlier lawsuit). Gu's remedy for any judicial decisions that he believes were erroneously made in his previous lawsuits was to file a notice of appeal in those cases. He did so, and his appeals were

dismissed. Gu cannot now sue the judges who presided over his previous lawsuits. *See Rutherford v. U.S. Dist. Cts.*, No. Civ. A 10-2801, 2010 WL 3801017, at *1 (E.D. La. Sept. 2, 2010) ("Independent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments."), *R&R adopted by*, 2010 WL 3800921 (E.D. La. Sept. 21, 2010).

Gu's claims against Norton Rose Fulbright must also be dismissed. He asserts that Norton Rose Fulbright violated his rights under 42 U.S.C. §§ 1981 and 1983. Section 1983 authorizes suit against a "person" acting under color of law who causes certain deprivations of rights.[1] A law firm is not a "state actor" or a "person" within the meaning of § 1983. *See, e.g.*, *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (holding that to establish a claim under § 1983 a plaintiff must allege a deprivation "committed by a person acting under color of state law"); *Webb v. GDWG L. Firm*, No. CV 20-1394-RGA, 2021 WL 2856605, at *2 (D. Del. July 8, 2021) (holding that defendant law firm is not a state actor or a person for purposes of § 1983); *Ranzy v. Crumley Roberts, LLC*, No. 3:20-cv-30-RJC-DSC, 2020 WL 3259804, at *1–2 (W.D.N.C. June 16, 2020) (dismissing complaint as frivolous and for failure to state a claim because plaintiff failed to allege that defendant law firm is a "person" under § 1983 or that the law firm acted under color of state law).

Section § 1981 specifically applies to and prohibits intentional racial discrimination in the making and enforcing of contracts. 42 U.S.C. § 1981. To state a claim under § 1981, a plaintiff must allege facts in support of the following: (1) that he is a member of a racial minority; (2) that

---

[1] *See* 42 U.S.C. § 1983 ("Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .") (emphasis supplied).

there was an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). Gu has failed to state a claim under § 1981 against Norton Rose Fulbright in that he does not allege any of the elements of a cause of action for a § 1981 claim.[2]

**IV.     Conclusion and Order**

Gu's application to proceed without prepayment of the filing fee is granted. Gu's claims are dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. This miscellaneous action is dismissed with prejudice.

SIGNED on March 8, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] Gu also briefly cites to 18 U.S.C. §§ 1621, 1622, and 1623. To the extent he is alleging that Norton Rose Fulbright violated his rights under these three sections of the federal criminal code, he has failed to state a claim. None of these statutes provide a private right of action under which Gu may sue for money damages. *See, e.g., Muhammed v. Lone Star Coll. Sys.*, No. Civ A. H-10-2381, 2011 WL 3502397, at *3 (S.D. Tex. Aug. 10, 2011); *Miller v. Cuneo*, No. CA 11-124, 2012 WL 333835, at *3 (W.D Pa. Feb. 1, 2012); *Zajac v. Clark*, No. 2:13-cv-714-FTM-29, 2015 WL 179333, at *8 (M.D. Fla. Jan. 14, 2015).